COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK, on Complaint of SALOME JACKSON, Respondent, *v.* WILLIAM JACKSON, Appellant. (Actions Nos. 1 and 2.)

First Department, February 2, 1934.

*Frederic G. Rita,* for the appellant.

*Arthur H. Kerns* of counsel [*Sidney Shatkin* and *J. Joseph Lilly* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the respondent.

GLENNON, J. These appeals are taken from orders of filiation rendered by the Court of Special Sessions of the City of New York, County of New York, adjudging defendant to be the father of two children born out of wedlock on August 29, 1930, and February 8, 1933.

Defendant was directed to pay the sum of seven dollars and fifty cents per week for each child's support and education until the two children reached sixteen years of age and also the necessary funeral expenses in case the children should die before reaching the age of sixteen years.

These proceedings were brought pursuant to article V of the Inferior Criminal Courts Act (Laws of 1910, chap. 659, as amd. by L. 1933, chap. 746).

" 2. Proceedings to establish the paternity of the child may be instituted during the pregnancy of the mother or after the birth of the child, but shall not be brought after the lapse of more than two years from the birth of the child, unless paternity has been acknowledged by the father in writing or by the furnishing of support. Provided, however, that a superintendent of the poor

of a county or an overseer of the poor of a city or town shall be empowered to bring a suit in behalf of any child under the age of sixteen who is or is liable to be a public charge."

The record discloses that the elder child was born August 29, 1930. Under the wording of the statute, this proceeding as to that child was barred by the two-year period of limitation, " unless paternity has been acknowledged by the father in writing or by the furnishing of support." (Inferior Crim. Cts. Act, § 64). There is no claim made here that the paternity has been acknowledged in writing, and consequently respondent must rely upon the evidence as to " furnishing of support " to uphold the order in so far as the elder child is concerned. The mother of the children testified that appellant did not give her any money except " during the time that I carried my last baby. * * * Some weeks he has given me as much as twenty; other weeks he would make it sixteen; some weeks fourteen." On being asked, " Did he give you the money directly or through someone else? " she answered, " He gave it to me directly; sometimes my little girl would call for it and he would leave it at the hotel in an envelope. She would get it for me." The little girl in part gave the following testimony: " Q. When was the last time that he gave you money, if you can remember? A. I don't remember. Q. When you say he gave you money, you mean he gave you money at different times? A. Yes. Q. How much would he give you at a time, about? A. About ten dollars to fourteen. Q. When he gave you from ten to fourteen dollars, did he say anything to you when he gave it to you? A. Usually he left it down at the desk, or else he would just give it to me and say. ' Here you are, Gwendolyn.' "

After stating the name of the hotel where the appellant was living, Gwendolyn was asked, in reference to receiving money from him, " For about how long was that going on? " and she answered, " I think about a year."

Appellant denied that he was the father of the children or that he ever had sexual intercourse with the complaining witness. He admitted that he had " loaned " money to the complaining witness about once every two weeks between August and December, 1932. He asserted that, in all, these loans did not amount to the sum of $200. It was not definitely stated in the record that any of this money was turned over by the appellant for the purpose of furnishing support for the child born on August 29, 1930. Thus, as to this child, the proceeding is barred by the statute.

It may well be that the testimony of the mother of these children was not truthful in all respects. Still she is corroborated sufficiently by the testimony of her daughter and the conduct of the defendant

to sustain the findings of the court as to the paternity of the child born on February 8, 1933.

For the reasons assigned herein, the order in " Action " No. 1 should be reversed and the information dismissed, with twenty dollars costs and disbursements to the appellant. The order in " Action " No. 2 should be affirmed, with twenty dollars costs and disbursements to the respondent.

FINCH, P. J., MERRELL, TOWNLEY and UNTERMYER, JJ., concur.

In Action No. 1: Order reversed and information dismissed, with twenty dollars costs and disbursements to the appellant.

In Action No. 2: Order affirmed, with twenty dollars costs and disbursements to the respondent.