COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK, Appellant, *v.* WILLIAM JACKSON, Respondent.

(Submitted October 1, 1934; decided November 20, 1934.)

*Per Curiam.* The Court of Special Sessions adjudged defendant to be the father of two children born out of wedlock, respectively, August 29, 1930, and February 8, 1933. The Appellate Division affirmed as to the child born in 1933 and reversed as to the child born in 1930 (240 App. Div. 142). The Commissioner of Public Welfare appealed to this court from that part of the judgment relating to the child born in 1930 and defendant appealed in respect to the child born in 1933. We affirmed as to both (265 N. Y. 469).

In this court defendant for the first time raised the point that admission of evidence by the complaining witness, a married woman, that she never had sexual intercourse with her husband, which evidence is admissible under the statute (Inferior Criminal Courts Act, § 67, as amended by Laws 1930, ch. 434, and Laws 1933, ch. 746), violated the constitutional guaranty of equal protection of the law because such statute does not apply to the entire State but only to the city of New York. Our memorandum reads: " Orders affirmed. Held, that the constitutional question was not raised below. No opinion."

The Commissioner of Public Welfare asks for a reargument but expressly states in his brief that he has no desire to ask this court to consider reaching a different result in

respect to the child born in 1930. The motion papers submitted in his behalf on this motion concede that the decision as to this child is justifiable on the facts, but urges that the affirmance by this court may lead to the inference of an acceptance by us of the theory of law set forth in the opinion at the Appellate Division (240 App. Div. 142, 143), in relation to the application of the Domestic Relations Law (Cons. Laws, ch. 14, § 122, subd. 2) rather than the Inferior Criminal Courts Act (§ 64, subd. 1) and the operation of the Statute of Limitations. These questions are left open. Our affirmance without opinion does not mean that we have adopted that opinion in its entirety. (*Adrico Realty Corp.* v. *City of New York*, 250 N. Y. 29, 44.)

Motion denied, without costs.