COMMISSIONER OF PUBLIC WELFARE on Complaint of CATHERINE HARRIS, Appellant, *v.* PETER GAVIN, Respondent.

Second Department, November 22, 1935.

*Seymour B. Quel* [*Paul Windels, Corporation Counsel,* and *Paxton Blair* with him on the brief], for the appellant.

*Maurice Shorenstein* of counsel [*William S. Shorenstein* attorney], for the respondent.

YOUNG, J. The child involved in this proceeding was born December 26, 1930, and is now a public charge. This proceeding was commenced about March 1, 1935. The dismissal by the court below was on the ground that the proceeding had not been commenced within the two years limited by the statute as construed by the Appellate Division of the First Department in *Commissioner of Public Welfare of N. Y.* v. *Jackson* (240 App. Div. 142). Section 64 of the Inferior Criminal Courts Act provides as follows:

" § 64. Proceedings to enforce obligations of father. 1. Proceedings to establish the paternity of the child and to compel support in accordance with this article may be brought by the mother, whether a minor or not, by the child's guardian or other person standing in parental relation or being the next of kin of the child, or by any authorized representative of an incorporated society doing charitable or philanthropic work, or if the mother or child is or is likely to become a public charge, by the department of public welfare in the city of New York. Such proceedings may be instituted during the pregnancy of the mother or after the birth of the child, but shall not be brought after the lapse of more than two years from the birth of the child, unless paternity has been acknowledged by the father in writing or by furnishing of support.

Provided, however, that the department of public welfare of the city of New York shall be empowered to bring suit in behalf of any child under the age of sixteen who is, or is liable to be a public charge."

It was held in *Commissioner of Public Welfare of N. Y.* v. *Jackson* (*supra*) in effect that, since the proceeding had not been commenced within two years after the birth of the child and there was not sufficient evidence that the paternity had been acknowledged by the father in writing or by furnishing support, the proceeding was barred by the statute. The Court of Appeals affirmed the judgment in the *Jackson Case* (265 N. Y. 469), but, upon a motion for reargument, did not follow the opinion of the Appellate Division upon this question, but expressly left it open (265 N. Y. 440).

I am unable to agree with the construction given to this statute by the Appellate Division of the First Department. It entirely ignores and gives no effect or meaning to the last sentence of the statute above quoted. In my opinion, this last sentence, which gives the commissioner of public welfare the right to maintain the proceeding in behalf of any child under the age of sixteen who is or is liable to be a public charge, is in no way dependent upon the last clause of the preceding sentence relating to the acknowledgment of paternity by the father. In other words, the right to maintain this proceeding given to the commissioner of public welfare in the last sentence of the statute does not depend upon any acknowledgment by the father of the paternity of the child. On the contrary, such right is entirely independent of any right given by the statute by the previous sentence containing the two-year limitation, and is intended to provide for an exception to that general limitation where the child is under sixteen years of age and is or is liable to be a public charge. This accords with our decision in *Commissioner of Public Welfare of City of N. Y.* [*Fennimore*] v. *Imperato* (241 App. Div. 623).

The order of the Court of Special Sessions of the City of New York, Borough of Brooklyn, should be reversed on the law and a new trial ordered.

LAZANSKY, P. J., CARSWELL, SCUDDER and TOMPKINS, JJ., concur.

Order of the Court of Special Sessions of the City of New York, Borough of Brooklyn, dismissing a filiation proceeding and discharging the defendant, reversed on the law and a new trial ordered.