COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK, Appellant, *v.* MURRAY SIMON, Respondent.

(Argued January 8, 1936; decided March 3, 1936.)

*Paul Windels,* Corporation Counsel (*Seymour B. Quel, Paxton Blair* and *Sidney B. Schatkin* of counsel), for appellant. The proceeding was commenced by the Commissioner of Public Welfare within the period of time prescribed by section 64 of the Inferior Criminal Courts Act. (*Commissioner of Public Welfare* v. *Gavin,* 245 App. Div. 545; *Commissioner of Public Welfare* v. *Tavo-*

*lacci*, 237 App. Div. 808; *Commissioner of Welfare* v. *Jackson*, 240 App. Div. 142; 265 N. Y. 440; 265 N. Y. 469; *Commissioner of Public Welfare* v. *Nelson*, 232 App. Div. 763; *Commissioner of Public Welfare* v. *Ryan*, 238 App. Div. 607.)

*David Goldstein* and *Thomas G. Frost* for respondent The Court of Appeals is without jurisdiction to entertain the appeal for the reason that the subject matter is civil and not criminal in its nature. (*Simis* v. *Alwang*, 48 App. Div. 529; *People ex rel. Commissioner of Charities* v. *Cullen*, 151 N. Y. 54; *State* v. *Klitzke*, 46 Minn. 343; *Impson* v. *State*, 27 Pac. Rep. [2d] 359; *Copes* v. *Malcarne*, 172 Atl. Rep. 89; *Greenback* v. *State*, 36 Pac. Rep. [2d] 882.) The proceeding was not commenced within the period of time prescribed by section 64 of the Inferior Criminal Courts Act. (*Commissioner of Public Welfare* v. *Jackson*, 240 App. Div. 142; 265 N. Y. 469; *State* v. *Hoult*, 169 S. E. Rep. 241; *Hall* v. *Bartlett*, 9 Barb. 297; *People ex rel. Lawton* v. *Snell*, 216 N. Y. 527; *Roy* v. *Poulin*, 105 Me. 411; *Todd* v. *Weber*, 95 N. Y. 181; *Duncan* v. *Pope*, 47 Ga. 445; *Prager* v. *Manowitz*, 243 App. Div. 284; *Bucki Lumber Co.* v. *Atlantic Lumber Co.*, 128 Fed. Rep. 340; *Keniston* v. *Rowe*, 16 Me. 38; *Wheelright* v. *Greer*, 10 Allen, 389.)

CRANE, Ch. J. This is an appeal in a paternity proceeding by the Commissioner of Public Welfare of the City of New York from an order of the Appellate Division reversing an order and judgment of filiation entered against the defendant in the Court of Special Sessions, New York City, and dismissing the information on the ground that the Statute of Limitations had run. The case comes to this court upon a certificate granting leave to appeal, pursuant to section 520 of the Code of Criminal Procedure.

The child in whose behalf this proceeding has been commenced was born September 7, 1931, at the Gouver-

neur Hospital in New York city. The summons in this proceeding was issued by the Court of Special Sessions March 11, 1935, more than two years after the birth of the child, but before it had arrived at sixteen years of age, to wit, when it was three and a half years of age.

The respondent on this appeal raises two questions, *first*, the jurisdiction of the court; *second*, the Statute of Limitations.

The Inferior Criminal Courts Act (L. 1910, ch. 659, as amd.) provides for these paternity proceedings within the city of New York. Section 76 of article V of the act, which covers such proceedings, says that an appeal may be taken from the final order or judgment of the court to the Appellate Division of the Supreme Court. From this the respondent argues that no further appeal to the Court of Appeals is permissible. We have acted upon the contrary assumption in *Commissioner of Public Welfare* v. *Jackson* (265 N. Y. 440, and 469). It may be that when this case was before us the point was not raised, but it was considered in *Matter of Kane* v. *Necci* (269 N. Y. 13), where we stated that section 520 of the Code of Criminal Procedure applied to the special proceedings of a criminal nature under the Inferior Criminal Courts Act. The reason is apparent by a reference to the provisions of that act.

Article III provides for the jurisdiction and procedure of the Court of Special Sessions, and section 36 of the article relates to appeals. It reads: " If any judgment or determination made by the court of special sessions shall be adverse to the defendant he may appeal therefrom in the same manner as from a judgment in an action prosecuted by indictment, and may be admitted to bail upon an appeal in like manner; and if the judgment of the supreme court upon such an appeal shall be adverse to the defendant, or the people, appeal therefrom may be taken to the court of appeals as prescribed in the code of criminal procedure."

The Special Sessions is not only a trial court, it is also an appellate court, for it hears appeals from the Magistrate's Courts. Article IV of the Inferior Criminal Courts Act relates to such appeals, and section 56 of the article reads: " The judgment of the court of special sessions upon an appeal is final except that a further right of appeal to the court of appeals shall lie as provided for in subdivision three of section five hundred and twenty of the code of criminal procedure."

Thus we find that trials in the Special Sessions may be carried through on appeal from the judgment to the Appellate Division and to the Court of Appeals, and that appeals from the magistrate's judgment may go through the Special Sessions to the Court of Appeals. The provision, therefore, in section 76, that appeals in paternity proceedings may be taken to the Appellate Division, did not intend to limit the appeal to that court and thereby break the uniformity of procedure on appeal in criminal cases or in proceedings of a criminal nature. This must be so in the absence of any specific restriction. Why should a case in a Magistrate's Court be taken through to the Court of Appeals whereas a judgment of the Special Sessions, after trial in that court in paternity proceedings, can only be appealed to the Appellate Division? Apparently the Legislature intended no such limitation in these provisions of the Inferior Criminal Courts Act, and we have so held.

The other point raised upon appeal relates to the Statute of Limitations as contained in section 64. The section reads: " Proceedings to establish the paternity of the child and to compel support in accordance with this article may be brought by the mother, whether a minor or not, by the child's guardian or other person standing in parental relation or being the next of kin of the child, or by any authorized representative of an incorporated society doing charitable or philanthropic work, or if the mother or child is or is likely to become a public charge,

by the department of public welfare in the city of New York. Such proceedings may be instituted during the pregnancy of the mother or after the birth of the child, but shall not be brought after the lapse of more than two years from the birth of the child, unless paternity has been acknowledged by the father in writing or by furnishing of support. Provided, however, that the department of public welfare of the city of New York shall be empowered to bring suit in behalf of any child under the age of sixteen who is, or is liable to be a public charge" (subd. 1).

The Appellate Division has held that the two years' limitation applied to this proceeding, giving no effect to those words, " that the department of public welfare of the city of New York shall be empowered to bring suit *in behalf of any child* under the age of sixteen who is, or is liable to be a public charge." The exception thus created in behalf of the Department of Public Welfare takes it without the two-year period. Such has been the ruling in *Commissioner of Public Welfare* v. *Gavin* (245 App. Div. 545). Perhaps it is not quite accurate to say that the Appellate Division has given no effect to this exception. That court interpreted " to bring suit " to mean a civil action or proceeding to recover a sum of money. We do not see how any such action could be maintained to recover in behalf of a child who is liable to become a public charge. These proceedings to obtain support are of a summary nature to afford immediate relief. Actions to recover sums of money, as we know, in New York city are more or less delayed. A judgment in such an action brought by the Department of Public Welfare might cover past charges and expenses, but what form would the judgment take in an action at law to meet the future liabilities?

The Inferior Criminal Courts Act apparently was enacted to give the procedure in these paternity proceedings whereby the public might be relieved from the support of those liable to become public charges. This

procedure is simple, direct and speedy, and can meet the future as well as the past by the order of filiation provided under sections 69 and 70 requiring specific sums to be paid for support and their manner of payment. " To bring suit," therefore, is just another way of saying that the Department of Public Welfare may bring proceedings in behalf of any child under the age of sixteen who is liable to be a public charge.

For these reasons the order of the Appellate Division should be reversed, and that of the Court of Special Sessions of the city of New York affirmed, without costs.

HUBBS, LOUGHRAN and FINCH, JJ., concur; LEHMAN, O'BRIEN and CROUCH, JJ., dissent.

Ordered accordingly.