Dore, J.
Plaintiff, a professional boxer, sues for judgment declaring void a purported agreement between himself as boxer and defendants Wolfson and Wallman, as managers, and rescinding the same for fraud.
*425 Defendant Wolf son in effect confessed judgment. Defendant Wallman, in addition to denials, pleaded laches, settlement by stipulation of a prior action between Wallman and Wolfson, and a claimed conspiracy between plaintiff and Wolfson to deprive him of its benefits; he also asked for an accounting under the stipulation, and for damages from plaintiff for inducing Wolfson to breach the settlement agreement; defendant Pinto in a separate answer raised substantially the same issues.
After trial at Special Term, the learned trial justice held the managerial agreement of January 29, 1943, was illegal and unenforcible insofar as not yet performed but that money already earned under it was recoverable ‘ ‘ from whomsoever has it by whomsoever has earned it ”; he directed an accounting and appointed a referee to take and state the account. Plaintiff and defendants Wolfson and Wallman appeal. Defendant Pinto does not appeal.
The Penal Law of the State of New York generally makes it illegal within this State to engage in or do any act to further a prize fight either within or without the State (Penal Law, § 1710). But by sections 9130 and 9131 of the Unconsolidated Laws certain provisions of the Penal Law are expressly made inapplicable to boxing or sparring matches conducted pursuant to the provisions of the act allowing and regulating boxing matches. (L. 1920, ch. 912, as amd.; McKinney’s Unconsolidated Laws, Book 65, §§ 9101-9132.)
By that act, the State Athletic Commission is established and authorized to promulgate rules and regulations for the administration of the statute (§ 9101). In accordance therewith, the commission has provided by its rules that agreements between managers and boxers must be in writing and filed with the commission for approval (rules 28, 31); such contract must be limited in duration to two years and is invalid unless the contracting parties appear before the commission and receive ‘approval (rule 36A); a boxer can have only one manager and the manager’s share of the boxer’s ring earnings may not exceed 33%% (rule 21); and no assignment is effective unless filed and approved by the commission (rule 31).
The contract of January 29, 1943, here in question (1) provides for payment to the managers of more than 33%% of the boxer’s earnings; (2) is for five years; (3) provides for two managers instead of one; (4) was never filed with or approved by the State Athletic Commission; and (5) Wallman was never licensed as a manager by the State Athletic Commission. In all these respects the contract in question violated the boxing *426 law and the commission’s rules for its enforcement. The trial court properly held the contract illegal. To hold otherwise would vitiate and render nugatory the applicable statutes and rules.
But we think the court erred in holding the contract enf orcible insofar as it had already been performed. Zwirn v. Galento (288 N. Y. 428), relied on by appellant Wallman, is clearly distinguishable. In that case, on an underlying management contract, recovery was sought solely of a share of the proceeds of one fight which had been bargained for and had occurred in the State of New Jersey. The court was determining the enforcibility of such an agreement upon a record involving only the pleadings which did not show that the contest was illegal under New Jersey law. In that case also, the underlying management contract contemplated compliance with the New York statutes and rules expressly providing that the “ contract should not be valid until both parties appear before the New York State Athletic Commission and receive its approval.” (P. 431.) In the case at bar the proof is otherwise; the contract did not contemplate compliance with but violation of the New York statutes and rules; and this record shows that under the law applicable in each jurisdiction in which the boxer fought, the contract was illegal.
The stipulation of settlement was made between Wallman and Wolfson alone in an action between themselves to which Baksi was not a party, and is not binding on him. That issue is presented for the first time by these appeals after a trial at which all were represented. On this record, it is also clear that the stipulation cannot be enforced without enforcing the illegal underlying contract against Baksi as well as the managers. Accordingly, the stipulation is held to be unenforcible.
This court’s affirmance without opinion of Special Term’s refusal to relieve Wolfson of the stipulation (Wallman v. Wolfson, 269 App. Div. 689) did not indicate adoption of the. reasoning of Special Term. The law is to the contrary. (Adrico Realty Corp. v. City of New York, 250 N. Y. 29, 44; Com’r of Welfare of City of N. Y. v. Jackson, 265 N. Y. 440, 441; Dali v. Time, Incorporated, 252 App. Div. 636, 641.) The issue presented in that prior appeal was whether Wolfson, by mere motion in the action between himself and Wallman, should be relieved of his stipulation with Wallman (Yonkers Fur Dressing Co. v. Royal Ins. Co., 247 N. Y. 435, 446). The issues now presented are after a plenary trial to which the boxer and the managers were parties and on ample evidence as to all relevant *427 facts and circumstances regarding the contract and the stipulation.
The trial court held that the claims of alteration and fraud made in the second cause of action were not sustained by the evidence. In view of the nature and quality of the testimony adduced at this trial, and of what the court described as “ the unsavory mess disclosed by the evidence,” we will not disturb this determination of the trial justice, who saw and observed the witnesses.
Our affirmance of Special Term’s denial of a motion to strike out defendant Wallman’s second defense and counterclaim for insufficiency (Baksi v. Wallman, 269 App. Div. 977) related solely to the legal sufficiency of the pleadings. The issues raised by the defenses and counterclaims are now before us on the merits of the proof after trial. On all the facts adduced and on the law, the defense of laches set up by defendants Wallman and Pinto and their counterclaims based on alleged malicious interference should be dismissed on the merits.
The judgment, so far as appealed from, should be modified so as to declare the contract of January 29,1943, illegal and unenforcible; the stipulation should be held unenforcible, and no accounting should be directed; plaintiff’s second cause of action for rescission and defendants’ defense of laches and counterclaims for malicious breach of contract and conspiracy should be dismissed on the merits; the complaint, insofar as it seeks an injunction against defendant New York State Athletic Commission, should be dismissed; the provision in the judgment for costs, should be modified so as to award costs in favor of plaintiff Baksi against defendant Wallman. As so modified, the judgment, so far as appealed from, should be affirmed, with one bill of costs of this appeal to plaintiff and defendant Wolf son against defendant Wallman; and the appeal from the order denying the motion to resettle the judgment should be dismissed.
Mastín, P. J., Glennon, Cohn and Peck, JJ., concur.
Judgment, so far as appealed from, unanimously modified so as to declare the contract of January 29,1943, illegal and unenforcible; the stipulation should be held unenforcible and no accounting should be directed; plaintiff’s second cause of action for rescission and defendants’ defense of laches and counterclaims for malicious breach of contract and conspiracy dismissed on the merits; the complaint, insofar as it seeks an injunction against defendant New York State Athletic Commission, dismissed; the provision in the judgment for costs modified so as *428 to award costs in favor of plaintiff Baksi against defendant Wallman. As so modified, the judgment, so far as appealed from, is unanimously affirmed, with one bill of costs of the appeal to plaintiff and defendant Wolf son against defendant Wallman. Appeal from order denying motion to resettle judgment dismissed. Settle order on notice.