In the Matter of " ONNA DENNIS ", Complainant, *v.* " VERNON J. REYNOLDS ", Respondent.*

Children's Court, Onondaga County, November 10, 1952.

---

* The opinion as filed sets forth the true names of the parties and other identifying data but, as herein published, substitutes fictitious names and data as customary in Children's Court matters.

*Matteo Milazzo* for Commissioner of Public Welfare of the County of Onondaga.

*Robert J. Cooney* for complainant.

*Ralph J. Balducci* for respondent.

YEHLE, J.   This is a proceeding to establish paternity of a child born out of wedlock.   The complainant, " Onna Dennis ", filed a complaint, dated and verified May 14, 1952, against the respondent, " Vernon Joseph Reynolds ", alleging that she gave birth to a female child, born out of wedlock on the 8th day of May, 1949, and that the said respondent is the father of said child.   Said complainant alleged, among other things, that the complainant " has no property and as an indigent woman has applied to the proper public welfare official for relief ".   It also alleged " that said child is likely to become a charge upon the County of Onondaga ".

The parties first appeared in court on June 4, 1952, at which time both were represented by counsel. The proceeding was thereafter adjourned from time to time and an application by the Commissioner of Public Welfare of the County of Onondaga " to inquire into the facts and circumstances of the case " was filed with the court on August 7, 1952. The issues were tried on August 7, 18, and September 8, 1952. It was stipulated by the parties and their respective counsel that the local public welfare department had granted certain relief for said child, which up to the time of the completion of the trial, totaled the sum of $501 and was increasing at the rate of $44.50 per month computed from September 8, 1952.

The testimony offered on behalf of the complainant showed in brief as follows: That she met the respondent in November, 1947; that she " kept steady company " with him thereafter; that frequently thereafter she had sexual intercourse with him; that on or about August 8, 1948, the respondent spent the night with her in her room at 4500 Southern Boulevard, Syracuse, N. Y. and held intercourse with her; that as a result she became pregnant and thereafter and on May 8, 1949, she gave birth to a baby girl.

Counsel for the respondent was allowed wide latitude in the cross-examination of the complainant. No direct denial was made by the respondent of the complainant's contentions. Other witnesses offered on behalf of the respondent did not, in the opinion of the court, controvert the material allegations of the complaint herein.

The respondent on the other hand, contends that this proceeding is barred by the Statute of Limitations as set forth in subdivision 2 of section 122 of the Domestic Relations Law and maintains that this proceeding was not brought within the statutory period as set forth in the law, nor do the facts bring it within the exception set forth insofar as the Commissioner of Public Welfare is concerned. The evidence shows that the child was born on May 8, 1949, and that this proceeding was not instituted until the filing of the petition on May 14, 1952, and hence was not brought within the two-year period set forth in the statute. However, subdivision 2 of section 122 provides: " Provided, however, that a public welfare official of a county, * * * shall be empowered to bring a suit in behalf of any child under the age of sixteen who is or is likely to become a public charge ".

In this proceeding the complaint was executed, verified and filed by " Onna Dennis ", the complainant, however, the Commis-

sioner of Public Welfare filed an application dated August 7, 1952, requesting the court to inquire into the facts and take such other steps necessary to an adjudication, etc. This is the usual practice which has been followed in this court where the Department of Public Welfare is involved.

The testimony and evidence submitted disclose that the complainant received public welfare assistance prior to, at the time of, and subsequent to the birth of the child in question. She subsequently was off the welfare rolls for a time but at the time of the trial she was again a recipient of public assistance.

In the case of *Commissioner of Public Welfare* v. *Gavin* (245 App. Div. 545) a New York City case which involved a different but similar statute, the court held that the action could be maintained by the commissioner of public welfare *after* the expiration of two years from the date of birth of the child.

It is the opinion of this court that the title of the proceeding, which is in accord with the usual practice of this court, should not affect the rights of the Commissioner of Public Welfare to be reimbursed for moneys advanced for the support of the child in question. See *Commissioner of Public Welfare* v. *Simon* (270 N. Y. 188), another New York City case involving a different but similar statute, in which the Court of Appeals stated (p. 192) that the special provision of the law '' was enacted to give the procedure in these paternity proceedings whereby the public might be relieved from support of those liable to become public charges ''. The court further stated on page 193 in regard to those words that a public welfare official shall be empowered to bring suit: '' ' To bring suit,' therefore, is just another way of saying that the Department of Public Welfare may bring proceedings in behalf of any child under the age of sixteen years who is liable to be a public charge.''

Counsel for the respondent moved at the beginning of the trial and again at the close of the testimony, for a dismissal of the proceedings on the grounds that the action is outlawed by the statute because it was not instituted within the two-year period from the date of birth and is not brought within the exception because it was not brought by the Commissioner of Public Welfare. He attempts to make much of the testimony given by the complainant in which he claims she quit her job and sought public relief for the sole purpose of bringing the action within the exception provided by the statute. The uncontroverted testimony shows, however, that she was on and off the public welfare rolls for assistance at various times throughout the period in-

volved herein. There can be no question in view of all of the evidence submitted that the child in question actually was and is and " is likely to become a public charge " in the future.

The appellate courts have gone to great length in proceedings of this nature to relieve the public from support of one liable to become a public charge. (See *Matter of Bancroft* v. *Court of Special Sessions,* 278 App. Div. 141, affd. without opinion, 303 N. Y. 728.)

The motion for dismissal is denied and an order may be entered herein adjudging " Vernon Joseph Reynolds " to be the father of the child in question and directing him to reimburse, through this court, the Department of Public Welfare of the County of Onondaga, in the sum of $501; and that in addition thereto he pay into this court for the support of said child the sum of $44.50 per month, computed from the 8th day of September, 1952, until its sixteenth birthday.