Joseph A. Brust, J.
These are a motion by the plaintiffs for an order enjoining and restraining the defendants during the pendency of this action from paying out and distributing in purses for races run at the thoroughbred race tracks of this State the extra %% of the “handle”, which is the subject matter of this action, pending determination by the court of the constitutionality of a recently enacted statute, and cross motions by the defendants to dismiss the complaint.
Plaintiffs’ complaint and motion for an injunction pendente lite challenge the constitutionality of sections 3, 4 and 8 of chapter 91 of the Laws of 1968. Those sections permit flat tracks and harness tracks to retain an additional 1% of the total revenue of the pari-mutuel betting pool. It permits one half of that sum to be used for general corporate purposes and harness tracks to pay the other half of a percentage to the State as a tax, whereas flat tracks are permitted to retain the V2% provided that the additional moneys are used for the purpose of purse enrichment. Plaintiffs contend that this renders the statute unconstitutional because no similar provision is made for harness tracks to so enrich their purses and “ there is no rational basis for such a distinction in treatment between the flat tracks and the harness tracks, or between the owners and drivers of thoroughbred horses on the one hand *136 and the owners and drivers of harness racing horses on the other hand.”
Initially, it must be noted that our courts have always accorded a strong presumption of constitutional validity to State legislation. In Matter of Van Berkel v. Power (16 N Y 2d 37, 40) the Court of Appeals stated it will declare a statute unconstitutional only as a last resort. That court has also declared that a difference in tax treatment ‘ ‘ may not be considered arbitrary or violative of the equal protection clause where a state of facts reasonably can be conceived that would sustain it ” (Roosevelt Raceway v. County of Nassau, 18 N Y 2d 30, 40, app. dsmd. 385 U. S. 453).
Plaintiffs’ main contention herein is based on the assumption that there is no rational basis for diversity of tax treatment between flat tracks and harness tracks. However, the Court of Appeals in Roosevelt Raceway v. County of Nassau (supra) passed on that contention when it upheld the constitutionality of a 'State statute permitting higher local admission taxes at harness tracks than at flat tracks. There the court specifically overruled that contention, saying (pp. 38-39): “We arrive now at the major issue, that is, as to the constitutionality of taxing admissions fees to the two kinds of racetracks at two different rates. The Appellate Division wrote that ‘ there is no rational basis for a distinction between a tax on running tracks and one on harness tracks. They are both parts of a single sport of horse racing. ’ The first answer to that is that the Legislature in many other statutes has ordered different treatment for ‘ flat tracks ’ and ‘ harness tracks ’. For instance, corporations conducting running races are subject to license and control by the iState Racing Commission (L. 1926, ch. 440, as amd., § 6 et seq.) while harness track racing is controlled and licensed by a different commission with different powers (Pari-mutuel Revenue Law [L. 1940, ch. 254, as amd.], § 35 et seq.). The State’s taxation of betting at running tracks is at a rate and formula different from the tax on betting at the harness tracks (compare L. 1940, ch. 254, as amd., §§ 9 and 9-a with § 45). The fixation of the local admissions tax on these two kinds of tracks was by different statutes (see L. 1952, chs. 148, 236). The Legislature has at various times provided financial assistance to both kinds of tracks for modernization of their facilities, and this again was done under different statutes and under quite different formulae (compare, for instance, L. 1956, ch. 837, with L. 1955, ch. 813, and L. 1957, ch. 355). It is thus apparent that the Legislature, for whatever reason, has consistently and over a period of years put these *137 two kinds of racetracks into different classifications for purposes of control and taxation. ’ ’
Thus the court recognized that the Legislature could constitutionally distinguish between harness tracks and flat tracks for the purpose of taxation, as it has consistently done over the years. The court also noted that the State taxes the parimutuel betting pool at flat tracks at a single rate, whereas it taxes the daily betting pool at harness tracks on a graduated scale. The percentage of the breakage, i.e., funds remaining after rounding off successful wagers to the nearest dime per dollar, which these tracks pay to the State, also varies. Flat tracks retain 20% of this fund for general corporate purposes, whereas harness tracks retain 25% and contribute an additional 25% to the New York State Horse Breeding Development Fund for “ harness ” horsemen. (L. 1940, ch. 254, as amd. by L. 1965, ch. 567, § 2.) In Saratoga Harness Racing Assn. v. Agriculture & N. Y. State Horse Breeding Development Fund (27 A D 2d 631) that statute was held to be not violative of the Constitution. In following the Court of Appeals in Roosevelt Raceway v. County of Nassau (supra) and on the papers presented, I find that there is a “ rational basis ” for placing the two sports, though each deals with horse racing, for purposes of control and taxation, in different classifications.
The plaintiffs have failed to demonstrate that they are personally aggrieved by the statute complained of. (See St. Clair v. Yonkers Raceway, 13 N Y 2d 72, 76, [1963], cert. den. 375 U. S. 970 [1964].) The remaining contentions of the plaintiffs are not persuasive and are overruled.
Plaintiffs’ motion for a temporary injunction is denied and the cross motions of the defendants to dismiss the complaint are granted.