S. Samuel DiFalco, S.
The executor appeals from the pro forma order of this court dated March 3, 1971 fixing the estate tax of the decedent who died- on July 10, 1970, in the sum of $686.99. The order was based upon a petition of the executor wherein an election was made to use values of five securities as of a date different from the date of death but the appraiser to whom this court referred the application to fix the estate tax valued the five securities as of date of death in the sum of $38,876.75 instead of the sum of $47,662.25, the date they were sold (Sept. 4, 1970), as requested by the executor. The value of the gross estate at the time of the decedent’s death was less than $60,000, so that no Federal estate tax return was required *346 to be filed (Fed. Tax Beg. [Code of Fed. Beg., tit. 26], § 20.6018) and no effective election as-to valuation could be made (Code of Fed. Beg., § 20.2032, subd. [1], par. [b]).
The appraiser followed section 954 (subd. [b]) of the Tax Law, which directs that the New York gross estate shall be valued as of the time of the decedent’s death except that if a Federal estate tax return be filed and the alternate valuation under the Internal Bevenue Code is elected the New York gross estate shall be valued on the same basis. The executor set forth nine grounds of appeal which, when analyzed, amount principally to the following (and are so stated in appellant’s brief): subdivision (b) of section 954 of the Tax Law is confiscatory, discriminatory, unjust and unconstitutional with respect to estates under $60,000, as is this estate. The estate tax proceeding in this estate is governed by article 26 of the Tax Law which was enacted by chapter 1013 of the Laws of 1962. Up until that time the New York estate tax law consistently provided for valuation of assets as of the date of death. For the first time New York State permitted a different valuation if, and only if, the alternate date of valuation was used in the Federal estate tax proceeding. The legislative memorandum in connection with this new article 26 of the Tax Law, particularly subdivision (a) of section 954, and subdivision (b), the constitutionality of which is raised by this appeal, has language using “ the federal gross estate as the starting point in determining the New York taxable estate, whether or not a federal estate tax return is to be filed.” The memorandum, however, goes on to explain that when an alternate valuation under section 2032 of the Internal Bevenue Code (U. S. Cocle, tit. 26, § 2032) is elected, the New York gross estate is valued as of the same date elected. This is a significant change from present law (effective as to deaths between 1930 and 1963), since under section 249-r of article 10-C, the value of the gross estate is determined as of the time of death in all cases (McKinney’s Session Laws of New York, 1962, vol. 2, pp. 3538, 3543-3544).
The respondent claims that the law involved on this appeal is constitutional.
Now, as to constitutionality: “Initially, it must be noted that our courts have always accorded a strong presumption of constitutional validity to State legislation. In Matter of Van Berkel v. Power (16 N Y 2d 37, 40) the Court of Appeals stated it will declare a statute unconstitutional only as a last resort. That court has also declared that a difference in tax treatment 1 may not be considered arbitrary or violative of the equal pro *347 tection clause where a state of facts reasonably can be conceived that would sustain it ’ (National Assn. of Harness Drivers v. New York State Racing Comm., 57 Misc 2d 135, 136.)
There is no iron rule of equality, prohibiting the flexibility and variety that are appropriate to reasonable schemes of State taxation. The State may impose different specific taxes on different trades and provisions and may vary the rate upon various products. It is not required to maintain a precise, scientific uniformity with reference to composition, use or value (Allied Stores of Ohio v. Bowers, 358 U. S. 522, 526, with considerable citations). To hold otherwise would be to subject the essential taxing power of the State to an intolerable supervision, hostile to the basic principles of our government and wholly beyond the protection which the general clause of the Fourteenth Amendment was intended to assure (Allied Stores of Ohio v. Bowers, supra).
So long as the classification is neither capricious nor arbitrary and rests upon some reasonable consideration of difference of policy, there is no denial of the equal protection of the law (Allied Stores of Ohio v. Bowers, supra).
The reason for the statute ( Tax Law, § 954), which allows the alternate valuation date as used in the Federal estate tax proceedings when elected in estates over $60,000 gross and denial of such choice when under $60,000 can be understood when the whole scheme of article 26 is considered; it was enacted to provide conformity of the valuation procedures in New York with those under the Internal Revenue Code. (McKinney’s Session Laws of New York, 1962, vol. 2, p. 3538); since the Internal Revenue Code does not permit valuations in estates under $60,000 (Code of Fed. Reg., tit. 26, § 20-2032-1, subd. [b], par. [1]) an alternate date election is not effective for any purpose unless the value of the gross estate exceeds $60,000, no tax return being required under section 6018 of the Internal Revenue Code to be filed in such estates. The appellant claims that section 954 of the Tax Law discriminates against him and in that he is not permitted to use the alternate valuation because this estate does not exceed $60,000 gross. Thus, if the appellant could get his securities valued as of the date of sale, it would not (he claims) be subject to Federal, State and city income taxes on a gain of $8,785.50. Such income tax result might or might not flow along the lines expected by the appellant; but this court is concerned only with the reasonableness of the distinction between valuation dates in estates under and over $60,000.
*348 Distinctions and classifications have been the subject of constitutional questions and the rules stated herein have been applied in the following types of cases: between residents and nonresidents (Allied Stores of Ohio v. Bowers, supra); food products (Defiance Milk Prods. Co. v. Du Mond, 309 N. Y. 537) ; disparity between estates (Matter of Guggenheim, 185 Misc. 606, affd. 270 App. Div. 923, affd. 297 N. Y. 482, cert. den. 332 U. S. 792); tax reaching some businesses and not others (Matter of Schulte, Inc. v. Graves, 242 App. Div. 724, affd. 266 N. Y. 592); admission taxes on harness race tracks only in certain parts of the State (Matter of Roosevelt Raceway v. County of Nassau, 18 N Y 2d 30); distinction in sales tax regulation between vendors who make the bulk of their beer sales under 25 cents as against those over 25 cents (Matter of Komp v. State Tax Comm., 56 Misc 2d 824); divorce, where reasonable differentiation between parties to a pre-1966 separation decree and a pre-1966 separation agreement was involved (Gleason v. Gleason, 26 N Y 2d 28).
Finally, the fact that there is a disparity of impact between one estate and another is not a sound argument against the valuation method prescribed in section 954 of the Tax Law. The distinction is neither arbitrary nor capricious. It invades no constitutional rights (Matter of Guggenheim, supra).
Accordingly, the appeal is denied and the pro forma order of March 3, 1971 is confirmed.