Michael V. Tepedino, J.
This is a proceeding brought by the Deputy Commissioner of Social Services formerly known *681 as the Commissioner of Welfare of the County of Albany seeking to declare the respondent to be the father of a male child born to one Grace Williams on June 7, 1966.
Respondent requests dismissal of the petition on the ground that the statute authorizing the proceeding, that is, section 517 of the Family Court Act, is unconstitutional.
The Attorney-General, pro se, has intervened at the request of the court and pursuant to the provisions of section 71 of the Executive Law. The court is indebted to the Assistant Attorney-General who prepared the brief.
Respondent claims that section 517 of the Family Court Act, which permits a proceeding by a public welfare official to be brought within 10 years but establishes a two-year Statute of Limitations where the proceeding is brought by an individual is unconstitutional.
Respondent contends that the statute deprives him of equal protection of the law in that an individual with greater resources would be more able to afford the investigative resources which he claims are necessary in a case such as this and that the statute in question deprives him of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.
The respondent relies upon Matter of Wales v. Gallan (61 Misc 2d 681, 685), in which Judge Nanette Dembitz declared section 517 unconstitutional but said: ‘ ‘ Under these principles, the limitation period on paternity suits by other than public welfare officials must be held unconstitutional * * * In accordance with the customary method of nullifying and remedying an unconstitutional statutory discrimination, the more beneficial provisions — the 10-year limitation — must be applied to petitioner.” “ The court concludes that the discrimination against all petitioners other than public welfare officials violates the equal protection guarantee of the Fourteenth Amendment of the United States Constitution.” (p. 682.)
It does not appear that any reported cases support the position of the respondent herein.
In upholding the statute’s constitutionality, the court pointed out the strong presumption of constitutional validity which attaches to statutes citing a number of cases in which statutory classifications were upheld despite resulting inequality, so long as some reasonable basis existed for the classification. (Fenster v. Leary, 20 N Y 2d 309; National Assn. of Harness Drivers v. New York State Racing Comm., 57 Misc 2d 135.) And any attack based upon the ground that a statute is unconstitutional *682 must be sustained beyond a reasonable doubt. (Wiggins v. Town of Somers, 4 N Y 2d 215; Fenster v. Leary, supra; Martin v. State Liq. Auth., 43 Misc 2d 682; Matter of Van Berkel v. Power, 16 N Y 2d 37.)
In McGowan v. Maryland (366 U. S. 420, 425-426) Chief Justice Warren said: 1 ‘ Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State’s objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.”
In the case of Matter of Comr. of Welfare of City of N. Y. v. Jones (73 Misc 2d 1015, 1016-1017), Judge Potoker stated: “ In paternity proceedings the State has set a self-imposed limit of 10 years in which to protect the public revenue. The reason for allowing the city a greater length of time to bring.a paternity action goes to the very nature of the city’s role as provider of funds for public .support of those children on public assistance who reside in families where the father is absent. The city certainly should be given the widest latitude in trying to retrieve from an available source moneys extended on public assistance, as the public interest is at stake * * * It is because of this recognized public policy of preserving and protecting revenues meant to be expended for the benefit of the public that the sovereign was exempt from the operation of the Statute of Limitations at common law and remains exempt to this day in the absence of statutory authority. ’ ’
In the case of Matter of Brown v. Board of Trustees of Town of Hamptonburg, School Dist. No. 4 (303 N. Y. 484, 488), the Court of Appeals stated: “ A municipal corporation exists for the benefit of the public and of the community, and only incidentally for the benefit of the individual.”
The New York courts have explicitly upheld the statutory •scheme set forth in section 517 of the Family Court Act. In Commissioner of Public Welfare v. Simon (270 N. Y. 188), the Court of Appeals upheld the then 16-year Statute of Limitations for the Department of Public Welfare and refused to apply the two-year limitations period reserved for private litigants. The court stated (p. 192) that the statute was designed “to *683 give the procedure in these paternity proceedings whereby the public might be relieved from the support of those liable to become public charges.” 1
Respondent further contends that as in this case where a proceeding is not brought for more than eight years after the act of conception, the burden on the respondent to find witnesses on his behalf is practically unsurmountable.
It would seem that the Social Services official is faced with a much greater difficulty since the official is a stranger to the situation and is working against great odds which become almost impossible to overcome in the many instances where the mother refuses to co-operate.
The 10-year statute does not unconstitutionally deprive a putative father of due process merely by virtue of the fact that a longer time is allowed a social services official to bring paternity proceedings than is permitted an individual.
“ The guaranty of due process does not prohibit classification for the purpose of legislation, provided there is a natural and reasonable basis therefor and it is not arbitrary or capricious, and that it is based on a substantial difference between those to whom it applies and those to whom it does not. The law must be so framed as to extend equally to all who are or may be in the like situation and circumstances (16A C.J.S., Constitutional Law, § 569, [5], subd. b).
The respondent in this case is in no different position from a defendant who remains liable to suit past the limitation period because of the fact that the plaintiff is an infant or an incompetent. The Legislature has determined that municipalities should be in a similarly protected situation where revenues are concerned. (Matter of Comr. of Welfare of City of N. Y. v. Jones, 73 Misc 2d 1014.)
It was cited in the case of Matter of Mores v. Feel (73 Misc 2d 942, 948), in which Judge Moskoff stated: “ That a gross unfairness may inhere in some proceedings brought under the 10-year Statute of Limitations is probable. Nonetheless, this does not compel the conclusion that the 10-year statute is unconstitutional under the Due Process Clause.”
The court is of the opinion that section 517 of the Family Court Act is in all respects constitutional.
Motion to dismiss the petition is hereby denied.