OPINION OF THE COURT
Raymond J. Barth, J.
The above-captioned proceeding came before this court on January 16, 1978, at which time respondent moved to dismiss the two paternity petitions as barred by the Statute of Limita *980 tions. (Family Ct Act, § 517, subd [b].) That subdivision allows a public welfare official to originate a paternity petition within 10 years of the birth of the child. In contrast, subdivision (a) of section 517 of the Family Court Act provides a two-year Statute of Limitations when the paternity action is between private parties and contains a special tolling provision when "paternity has been acknowledged by the father in writing or by furnishing support”. The children who are the objects of this proceeding are 18 and 14 years of age. The issues raised by the present motion are whether the Statute of Limitations defense may only be raised as an affirmative defense and whether the special tolling provision of subdivision (a) of section 517 of the Family Court Act should be judicially engrafted upon subdivision (b).
As to the first issue, the Department of Social Services argues that the Statute of Limitations provides an affirmative defense which must be pleaded and proven at trial and is not the proper subject of a motion to dismiss. CPLR 3018 (subd [b]) requires a party to plead a Statute of Limitations defense in his responsive pleadings. Alternatively, CPLR 3211 (subd [a], par 5) permits the defense to be raised in a motion to dismiss. Such a motion must, however, be made prior to the filing of a responsive pleading in order to be timely. (Burns v Binghamton Housing Auth., 36 AD2d 1004.) If the defense is raised in the answer, dismissal may be by summary judgment pursuant to CPLR 3212. (McLaughlin and Graziano, Civil Practice, 23 Syracuse L Rev 275, 292.) The defense is waived altogether unless raised by either motion or answer. (CPLR 3211, subd [e].)
Subdivision (a) of section 165 of the Family Court Act provides that "the provisions of the civil practice law and rules shall apply to the extent that they are appropriate to the proceedings involved”. This section reflects the legislative recognition that the nature of the administration of the Family Court act may spawn procedures which have no true counterpart in the CPLR; this is particularly true in filiation proceedings where the present civil action is a derivative of earlier criminal proceedings. (See Sheridan v Major, 15 AD2d 870, Oughterson, Family Court Jurisdiction, 12 Buffalo L Rev 467, 497, n 69.) In paternity actions, the alleged father appears in court to admit or deny the allegation contained in the petition, before the matter is scheduled for trial. This practice has created a situation where answers are rarely, if ever, filed. *981 Respondent in the instant case appeared in court to deny the petition and the matter was adjourned for the return of this motion. Since the present motion bears some resemblance to both a preanswer motion to dismiss and a postanswer motion for summary judgment, it is instructive to note that the CPLR allows a summary dismissal in either situation where the issue is a legal one and the facts are not in dispute. Accordingly, the court finds that it is proper to resolve this matter by way of motion rather than to await the proof of facts at trial that are not in dispute.
To address the second issue raised by petitioner, resort must be had to the history of the dual Statute of Limitations. The original predecessor to section 517 of the Family Court Act was subdivision 2 of section 122 of the Domestic Relations Law, which provided that such proceedings "may be instituted during the pregnancy of the mother or after the birth of the child, but shall not be brought after the lapse of more than two years from the birth of the child, unless paternity has been acknowledged by the father in writing or by furnishing support. Provided, however, that a superintendent of the poor of the county or an overseer of the poor of a city or town shall be empowered to bring a suit on behalf of any child under the age of sixteen who is or is liable to become a public charge”. (L 1909, ch 19, as amd by L 1925, ch 255.) A similar provision was inserted later into section 35-d of the New York City Criminal Courts Act (L 1930, ch 434). A dispute among the various departments arose as to whether public welfare officials were bound by the two-year limitation contained in the prior sentence in the absence of an acknowledgment of paternity. (Cf. Commissioner v Jackson, 240 App Div 142, affd 265 NY 469; Commissioner v Simon, 246 App Div 695; with Commissioner v Gavin, 245 App Div 545.) In a closely divided decision, the Court of Appeals resolved the controversy by holding that the Department of Public Welfare was not bound by the two-year limitation and special tolling provision. (Commissioner v Simon, 270 NY 188, revg 246 App Div 695.)
As originally drafted, the Family Court Act departed from its statutory predecessors by imposing the same limitation period on actions brought by private parties or public officials. (Report 2 of Joint Legislative Committee on Court Reorganization, 1962, p 92.) The uniform two-year period was subsequently abandoned by the committee when it was determined to be inadequate for the needs of public welfare officials who *982 often do not become involved with the child until the period has expired. (Oughterson, Family Court Jurisdiction, 12 Buffalo L Rev 467, 496, n 61.) A compromise was effected between the previous 16-year period and the proposed period resulting in the present 10-year period for welfare officials. (Family Ct Act, § 517, subd [b].) While a challenge to the constitutionality to the dual limitation period has been upheld, it is now well established that it passes the constitutional muster. (Jay v Wolfe, 76 Misc 2d 680; Commissioner v Jones, 73 Misc 2d 1014; Mores v Feel, 73 Misc 2d 942; but see Wales v Gallan, 61 Misc 2d 681.)
Section 517 of the Family Court Act also effected another, more subtle change in the structure of the statute. The previous statute granted public officials the authority to bring paternity actions by way of an addendum to the provision authorizing private paternity actions. It remains for the Court of Appeals to determine whether these provisions were to be construed as interdependent. (Commissioner v Simon, 270 NY 188, supra.) By providing separate subdivisions for private parties and public officials, the legislation ratified the Court of Appeals determination that these provisions are not dependent upon one another. In light of this legislative history, it would be anomalous for this court to hold that the Commissioner of Social Services may utilize the special tolling clause reserved solely for private parties.
Serious criticism questioning the fairness and integrity of filiation proceedings commenced near the end of the commissioner’s 10-year period has been lodged against this statute. (See, e.g., Commissioner v Jones, 73 Misc 2d 1014, supra; Mores v Feel, 73 Misc 2d 942, supra.) To require respondent to establish a defense upon events occurring 19 years ago would contravene all notions of justice and fair play. The Legislature has determined that this is a burden which must not be borne.
That the motions in these proceedings should be granted, and it is, therefore
Ordered, that respondent’s motion to dismiss each of the petitions in this proceeding be, and the same hereby is, in all respects granted; and it is further
Ordered, that the said petitions be and they hereby are dismissed.