OPINION OF THE COURT
Leon Deutsch, J.
On August 30, 1978, the Commissioner of Social Services, as *958 assignee of Mildred D., filed a petition pursuant to section 517 of the Family Court Act to have the respondent, Oliver P., declared the father of a child born out of wedlock to Mildred D. on or about July 18, 1964. Pursuant to section 348 of the New York Social Services Law, Mildred D., a recipient of public assistance, has assigned her rights of support to the commissioner. The commissioner is authorized to bring a paternity proceeding on behalf of a recipient of aid to dependent children under section 571 of the Family Court Act.
Respondent interposes the affirmative defense of the Statute of Limitations, and moves to dismiss the petition on the ground that the action is barred by subdivision (b) of section 517 of the Family Court Act because the petition was brought more than 10 years after the birth of the child. That section provides: "If the petitioner is a public welfare official, the proceeding may be originated not more than ten years after the birth of the child.”
The commissioner resists this motion on the ground that respondent had acknowledged paternity of the child by furnishing continuous and regular support. The commissioner contends that this acknowledgement of paternity serves to toll the Statute of Limitations pursuant to subdivision (a) of section 517 of the Family Court Act which provides that: "Proceedings to establish the paternity of the child may be instituted during the pregnancy of the mother or after the birth of the child, but shall not be brought after the lapse of more than two years from the birth of the child, unless paternity has been acknowledged by the father in writing or by furnishing support.”
The issue thus before the court is whether the tolling mechanism provided for in subdivision (a) of section 517 of the Family Court Act is available to a public welfare official bringing a paternity suit.
Respondent argues that only a private litigant may avail oneself of the tolling provision contained in subdivision (a) of section 517. The commissioner contends that the tolling provision applies equally to public welfare officials and to private litigants.
The two reported cases which address this specific issue both hold that only a private litigant could avail herself of the tolling mechanism provided for in subdivision (a) of section 517 of the Family Court Act, and that the Commissioner of Social Services could not proceed after 10 years from the birth *959 of the child under subdivision (b) of section 517 of the Family Court Act, despite the "furnishing of support” or other acknowledgement by the respondent father. (Matter of Lydia L v Vidal L, 95 Misc 2d 507; Matter of Lascaris v Price, 94 Misc 2d 979.) This court respectfully disagrees with this holding for all of the reasons hereinafter set forth.
It is unnecessary to review at great length the now well-known history of, and basis for, paternity statutes. We need only emphasize that the reason for the enactment of all paternity statutes, from earliest times, is the protection of the public purse, and that it was and is the intent of the Legislature, for such purpose, to give to the appropriate public official, the widest latitude in establishing the paternity of children who are, or are likely to become, public charges. (Commissioner of Public Welfare of City of N. Y. v Simon, 270 NY 188, 192; Matter of Commissioner of Welfare of City of N. Y. v Jones, 73 Misc 2d 1014, 1016.) It has also been held that paternity statutes, designed as they are to protect the public purse, are remedial and should be liberally construed. (People ex rel. Smith v McFarline, 50 App Div 95, 98.)
We may also take note that the constitutionality of the statutory scheme set forth in section 517 of the Family Court Act, providing a longer period of time in which to commence suit for a public official, than for a private litigant, has been upheld for the same reason, to wit, the State’s interest in protecting the public purse. (See Matter of Mores v Feel, 73 Misc 2d 942, 946; and Commissioner of Welfare v Jones, supra, p 1019.) Indeed, the court in Lydia L notes that (supra, p 511) "it is not unreasonable to afford the commissioner a greater time than ordinary litigants in which to commence paternity proceedings. The concerns that actuated the Legislature to grant this latitude are historical in nature and reasonable in classification.”
If we were to construe subdivision (a) of section 517 of the Family Court Act to limit the application of the tolling provision therein to private litigants only, the anomalous result would be that the private litigant could have a longer period in which to initiate a paternity suit than would a public official. As we have indicated above, this would contravene the clear intent of the Legislature to give "the widest latitude” in establishing the paternity of public charges in order to protect the public revenue. (Commissioner of Welfare v Jones, supra, p 1016.) It is unreasonable to suppose or *960 maintain that such an anomalous result in contravention of public policy was intended by the Legislature.
In reaching their conclusions, and thoughtful decisions, both courts in Lydia L and Lascaris traced the prior conflicting judicial interpretations of the predecessor statute, subdivision 1 of section 64 of the New York City Criminal Courts Act. That statute was virtually identical to subdivisions (a) and (b) of section 517 of the Family Court Act, except that the former statute provided for a 16-year Statute of Limitations for suits brought by a public welfare official instead of a 10-year limitation as now provided.
In considering the predecessor statute, the First Department took the position that, absent a written acknowledgement or the furnishing of support, a public welfare official may bring a paternity suit only up to two years after the birth of the child. According to that interpretation, a public welfare official would have had up to 16 years in which to bring suit only if there had been acknowledgment of paternity in writing or the furnishing of support. (Commissioner of Public Welfare of City of N. Y. v Jackson, 240 App Div 142.)
Differing with this, the Second Department interpreted the predecessor statute to mean that the commissioner would have up to 16 years to bring a paternity suit even when there was no acknowledgement of paternity in writing or the furnishing of support. (Commissioner of Public Welfare [Harris] v Gavin, 245 App Div 545.)
In Commissioner of Welfare v Simon (270 NY 188, supra), the Court of Appeals resolved these differences and approved the Second Department’s interpretation of the predecessor statute.
Lydia L (95 Misc 2d, supra, p 510) interprets the Court of Appeals holding in Simon "as a judicial recognition of a two-level scheme of limitations with each level functioning wholly independent of the other.” Based upon this reasoning, the court in Lydia L then held that the tolling mechanism afforded litigants in subdivision (a) of section 517 of the Family Court Act could not be read into subdivision (b) of section 517 of the Family Court Act. Similar reasoning was applied by the court in Lascaris. (Matter of Lascaris, 94 Misc 2d 979, 981-982, supra.)
This court most respectfully disagrees with this interpretation and conclusion. The Second Department in Gavin, which *961 was later approved by the Court of Appeals in Simon, held merely that even absent a written acknowledgment of paternity or the furnishing of support, a public welfre official could bring a paternity suit up to 16 years. Gavin, however, said nothing at all about the period of limitations which might be applied to a public welfare official where there was acknowledgment of paternity in writing or the furnishing of support.
The Court of Appeals in Simon pointedly rejected the First Department interpretation in Jackson, to wit, that only if there had been written acknowledgment or the furnishing of support, would a public official have up to the (then) 16 years in which to bring suit.
It may, in this court’s opinion, be reasonably inferred, and at the very least, reasonably argued, that given a written acknowledgment of paternity or the furnishing of support, the Court of Appeals in rejecting Jackson and approving Gavin, would have approved a limitations period longer than the 16 years under the predecessor statute, subdivision 1 of section 64 of the New York City Criminal Court Act.
Lydia L sought to determine what factors motivated the drafters of section 517 of the Family Court Act to reduce the period of limitations when a paternity proceeding could be brought by the commissioner from 16 years to 10 years. The court there conjectures that (95 Mise 2d 507, 510, supra) "the change emanated from a recognition of the problems of proof created by the former 16-year period”. Because of this, the court refused to recognize a tolling provision for suits brought by a public welfare official. Concern for the problems of proof created by applying the tolling provisions to public welfare officials was also expressed by the Lascaris (supra, p 982) court.
It is pure conjecture, as the court in Lydia L. itself concedes, that the limitation for a public welfare official was shortened from 16 years to 10 years due to problems of proof. However that may be, it is clear that where an acknowledgment of paternity exists, the problems of proof are greatly abated, and equally so for a public welfare official as for a private litigant. The Legislature evidently believed that this was the case; else, it would not have retained the tolling provision at all.
If this court were to adopt the reasoning found in Lydia L and Lascaris, a public welfare official would be prevented from commencing a paternity proceeding, even where the alleged difficulty of proof would not be a factor, as in the instant case, *962 by virtue of the respondent’s continuous and regular furnishing of support.
It is a matter of interest that difficulty of proof is not seen as a problem by the Legislature with respect to a putative father who seeks to establish paternity himself pursuant to subdivision (c) of section 517 of the Family Court Act. This section gives to putative fathers until the child’s 18th birthday (the age of the child’s emancipation in a host of situations) to commence a filiation proceeding, despite the inherent difficulties in the proof of such a case where a respondent mother contests paternity.
Matter of Lydia L (95 Misc 2d 507, supra) takes note that a purpose of a Statute of Limitations is to protect against stale claims. However, all Statutes of Limitation strike a balance between one party’s right to enforce an otherwise valid claim and another party’s right to be confronted with any claim against him before the lapse of time has likely rendered unavailable the ability to obtain proof. Recognition of a tolling provision for a public welfare official where there has been written acknowledgment of paternity or the furnishing of support strikes a reasonable balance between the right of the public to protect its fiscal interests and the right of a respondent to be protected against stale claims.
In view of the within analysis and upon all the reasons hereinabove stated, this court holds that the tolling mechanism provided in subdivision (a) of section 517 of the Family Court Act is available to a public welfare official prosecuting a paternity suit.
Accordingly, and in light of the fact that respondent has acknowledged paternity of the child in this case by furnishing continuous and regular support, respondent’s motion to dismiss the petition because it was initiated more than 10 years after the birth of the child, is, in all respects, denied.