OPINION OF THE COURT
Lorraine S. Miller, J.
This property damage action arose from a motor vehicle accident on July 7, 1981 between plaintiff’s subrogor’s vehicle and a vehicle operated by the New York City Health and Hospitals Corporation. Plaintiff served a notice of claim on September 17, 1981, and a complaint on October 26, 1982, 21 days beyond the statutory period. The answer of defendant, City of New York, asserted only two defenses — contributory negligence and failure to state a cause of action (the latter without any factual data and merely pleading a conclusion of law). The matter was subsequently placed on this court’s Arbitration Calendar.
Defendant now moves to dismiss the complaint alleging that the one-year, 90-day period within which to serve a complaint (General Municipal Law, § 50-i) is a condition precedent to suit and plaintiff, having failed to comply with same, has thereby failed to state a cause of action. Plaintiff contends that section 50-i (subd 1, par [c]) of the General Municipal Law is an affirmátive defense which is *189 waived unless it is specifically pleaded in the answer and cannot come under a bare umbrella assertion “failure to state a cause of action”.
The court finds that the one-year, 90-day period contained in section 50-i (subd 1, par [c]) of the General Municipal Law constitutes a Statute of Limitations rather than a condition precedent to suit. As such, it must be asserted by defendant by a motion to dismiss prior to answer pursuant to CPLR 3211 (subd [a], par 5) or as a specific affirmative defense in the answer. (See Glenesk v Guidance Realty Corp., 36 AD2d 852.) A defendant who does neither must be deemed to have waived it. (CPLR 3018, subd [b]; 3211, subd [e]; see, also, Matter of Lascaris v Price, 94 Misc 2d 979; Arnold v Village of North Tarrytown, 137 App Div 68; Siegel, NY Prac, § 34, p 35.)
The cases cited by defendant are distinguishable. In Barchet v New York City Tr. Auth. (20 NY2d 1), Joiner v City of New York (26 AD2d 840), and Serravillo v New York City Tr. Auth. (42 NY2d 918), unlike the situation herein, the defendant city pleaded the Statute of Limitations as an affirmative defense. Tarquinio v City of New York (84 AD2d 265) held that the timely filing of a notice of claim is a necessary condition precedent to maintaining a suit against the city. In the case at bar, timely service of a notice of claim is not in issue and the court is not extending the time within which to commence suit. Therefore, the afore-mentioned “authority” cited by defendant is not applicable to the facts herein.
Although neither party raised the issue, the court recognizes the public policy against payment by public bodies of claims barred by the Statute of Limitations and the statutory prohibition against waiver of said defense. (NY Const, art III, § 19; Court of Claims Act, § 12, subd 2; General City Law, § 20, subd 5; Administrative Code of City of New York, § 93d-3.0.) The court finds, however, that its decision herein would neither violate said policy nor result in an impermissible waiver by the city of the Statute of Limitations defense. In Reilly v City of New York (298 NY 710), the Court of Appeals held that failure of the defendant City of New York to specifically raise the limitation defense or move to amend its answer to include same constituted a *190 waiver of said defense notwithstanding the city’s contention that there was a statutory prohibition against waiver of said defense by a municipality.
In the instant case, the city has failed to plead the Statute of Limitations and failed to move to amend its pleading to include same pursuant to CPLR 3025 (subd [b]). The court is without authority to, sua sponte, deem the defense be included in defendant’s answer, nor can the court find any compelling reason or authority for treating the city in a manner different from any other litigant.
Accordingly, defendant’s motion to dismiss plaintiff’s complaint is denied.