In the Matter of JOSEPH C. BANCROFT, Appellant, against COURT OF SPECIAL SESSIONS OF THE CITY OF NEW YORK et al., Respondents.

First Department, April 10, 1951.

*Clarence G. Pickard* of counsel (*Lombardo & Pickard,* attorneys), for appellant.

*Alfred Weinstein* of counsel (*Seymour B. Quel* with him on the brief; *John P. McGrath, Corporation Counsel*), for respondents.

*Per Curiam.* The application was for an order in the nature of prohibition restraining the Court of Special Sessions and the Justices thereof from prosecuting a filiation proceeding instituted against the petitioner on the complaint of the mother of a child born out of wedlock. The department of public welfare in the city of New York, represented by the corporation counsel, has, in order to expedite the ultimate determination, withdrawn its contention that prohibition was not a proper remedy, under the circumstances of this case, and has consented that this court dispose of the application on its merits.

On May 13, 1948, an agreement was made pursuant to section 121 of the Domestic Relations Law, under the terms of which the petitioner was to pay the mother, Dorris P. Furst, the sum of $1,500 in full settlement of any claims against him in connection with the support of the child born out of wedlock. That agreement was approved by the County Judge of Chautauqua County on May 21, 1948, after a copy thereof was mailed to the Welfare Commissioner of Chautauqua County, who consented to the compromise, and after the mother personally appeared in court and also requested approval of the agreement. The order of the County Court contained a finding that " adequate provision for the support and education of said child is fully secured by the said agreement of compromise ". Briefly, it provided that $1,500 be deposited in a lump sum with a designated attorney who was to pay the mother $200 on the date of approval of the agreement and $25 per week thereafter until the child was born; that out of this sum of $1,500 hospital and doctors' bills were to be paid and the balance of the money remaining after the child was born was to be turned over to the mother. There is now a balance of some $580 left for the future support, maintenance and education of the child.

Subdivision 3 of section 121 of the Domestic Relations Law provides: " The performance of the agreement or compromise, when so approved [by the court having jurisdiction], shall bar other remedies of the mother or child for the support and education of the child." The commissioner of welfare of the city of New York where the mother now resides with her child, deeming the child likely to become a public charge, brought a filiation proceeding here to determine the paternity of the child and to obtain an appropriate order for the child's maintenance, support and education. The putative father contends that such a proceeding is barred by the above provision of subdivision 3 of section 121 of the Domestic Relations Law.

We hold that while the section in question bars other remedies " of the mother or child for the support and education of the child ", it does not bar an appropriate proceeding by the commissioner of welfare having jurisdiction, where, notwithstanding the provisions of the compromise, the complaint alleges that the child, as here, is likely to become a public charge.

There is not now before us any question relating to the setting aside of the order of approval of the County Court of Chautauqua County on the basis of alleged fraud and misrepresentation.

The order should be affirmed, with $20 costs and disbursements to the respondents.

CALLAHAN and VAN VOORHIS, JJ. (dissenting). In view of the waiver of the practice point that an order in the nature of prohibition is not the proper remedy, we dissent and vote to reverse the order appealed from and to grant petitioner-appellant's application to restrain respondents from taking jurisdiction of the filiation proceeding at the instance of the welfare commissioner of New York City. The determination in the County Court of Chautauqua County, under section 121 of the Domestic Relations Law, on notice to and with the consent of the welfare commissioner of that county, is *res judicata.* Otherwise there would be little object in section 121, which was evidently enacted to enable a putative father of an illegitimate child to buy his peace according to that procedure. We are not concerned with the wisdom of this statute, and cannot pass upon whether the amount approved in Chautauqua County was sufficient for the support of this child. If insufficient, relief must be obtained by proper proceedings to attack the Chautauqua County order collaterally or to review it upon appeal. The provision in the statute requiring the welfare commissioner of the county where the mother resides to be a party to the proceeding for the approval of the agreement under section 121 of the Domestic Relations Law, signifies that he is to represent the public interest, and that the order to be made shall be binding upon public welfare departments in all parts of the State. Otherwise there would be no finality to the approval of such agreements if mother and child moved from one county to another. The construction placed on the statute by the majority would permit the bringing of any number of successive filiation proceedings by the welfare authorities in various cities and counties wherever the infant might be temporarily residing, although compromises had been effectuated in prior proceed-

ings in courts having jurisdiction. This would largely destroy incentive upon the part of putative fathers to enter into such agreements, which the Legislature by enacting the statute evidently considered to be in the public interest.

GLENNON, J. P., DORE and SHIENTAG, JJ., concur in *Per Curiam* opinion; CALLAHAN and VAN VOORHIS, JJ., dissent in opinion.

Order affirmed, with $20 costs and disbursements to the respondents.