OPINION OF THE COURT
Frank Torres, J.
This is a proceeding wherein the Department of Social Services seeks an order of support under article 4 of the Family Court Act. The respondent opposes such a request and asserts that the court is precluded from entering a support order because of a previous agreement made by the parties four years ago. Specifically, on February 27, 1980, an order of filiation was entered on consent of the parties naming the respondent, Wilmer W., the father of the child Qiena Tee R. (date of birth, Dec. 20,1977), without providing for the child’s support. The respondent asserts that the order, entered on consent of both the Department of Social Services and the respondent, was based on an irrevocable and binding agreement which allegedly relieved him of any prospective liability for child support and which is currently binding upon this court. The petitioner contests the immutability of the agreement and claims that the prior agreement was informal and therefore not binding. *906 Petitioner’s underlying contention is that enforcement of the prior agreement would violate established public policy requiring parents to support their indigent children. The existence of a past agreement is undisputed since the parties have stipulated that in 1980, it was agreed that support would not be sought by Department of Social Services upon the respondent’s acknowledgment of paternity.
Undoubtedly, all paternity proceedings commenced under article 5 of the Family Court Act are primarily intended to provide support for out-of-wedlock children or to reimburse the public purse for financial assistance rendered to children on public assistance. (Matter of Commissioner of Social Servs. of City of N. Y. v Oliver P., 97 Misc 2d 957.) Nevertheless, the court may also assume jurisdiction over a case for the limited purpose of establishing paternity where support is neither sought nor ordered. (Matter of Kordek v Wood, 90 AD2d 209.)
In fact, almost any proceeding commenced in Family Court could conceivably spin-off a paternity proceeding if there is any allegation in a petition that a person is the father of a child born out of wedlock who is the subject of the proceeding before the court. (Family Ct Act, § 564, subd [a].) Consequently, it was proper that a filiation order was entered without necessarily directing that the respondent pay support at the time.
In the instant case, the record is bare as to whether the prior court deemed the agreement between the parties to be binding. Ordinarily the Family Court Act requires judicial approval of “support agreements”, to ensure that the needs of the child(ren) are adequately met and that they are not bargained away. The court determines whether any amount reached, even by written agreement, is fair and equitable in light of the child’s needs. (See, e.g., 22 NYCRR 2504.4 [b].) Therefore, for the prior court to have barred Department of Social Services from forever seeking child support would clearly be inconsistent with the court’s statutory mandate, and such an intent is not indicated in the court records.
Suffice it to say that no “Order” exists which binds this court and the court will therefore not adopt the view that *907 failure to provide for support in the past now bars the petitioner from seeking relief from an “adjudicated” father.
The Department of Social Services has a statutory obligation to determine the support obligation of parents, and the Commissioner of Social Services is required to “[ascertain the financial ability of the parents of children who become public charges and collect toward the expense of such child’s care such sum as the parents are able to pay.” (Social Services Law, § 398, subd 6, par [d].)
In the instant case, the petitioner has established a prima facie case in support of its petition. The child is currently on the public assistance roster which clearly establishes the child’s ongoing financial need. On the other hand, the respondent, who has not offered any evidence of inability to pay, although provided ample opportunity to do so, has failed to rebut the statutory presumption of “sufficient means” to pay support. (See Family Ct Act, § 437.) It is therefore this court’s decision that the court is not bound by any prior verbal agreement. The respondent is ordered to pay $24 per week for the support of the child payable to the Department of Social Services through the Support Collections Unit of the court beginning September 28, 1984, contingent payroll deduction order on two defaults.