■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, as Assignee of ADRIANNA G., Respondent, v RUBEN O., Appellant.—Order, Family Court, New York County (Michael Gage, J.), entered on or about March 11, 1991, which denied respondent's motion for dismissal of a petition brought by the Commissioner of Social Services under

article 5 of the Family Court Act, unanimously affirmed, without costs.

The respondent putative father entered into an agreement in April 1977 to pay $100 weekly in child support pursuant to Family Court Act § 516. The child has now become a public charge, and the Commissioner, as assignee of the mother's right to support (Social Services Law § 111-b), seeks to increase the putative father's support obligations beyond the amount that the child now receives under the agreement and from public assistance.

The respondent concedes that the Commissioner of Social Services is not bound by the compromise agreement entered pursuant to Family Court Act § 516 *(Matter of Bancroft v Court of Special Sessions,* 278 App Div 141, *affd* 303 NY 728),* but nevertheless contends that his obligation to support his child (paternity being conceded for purposes of the appeal) cannot be fixed in an amount exceeding that stipulated in the agreement ($100 weekly), plus the amount the child is receiving in public assistance ($35 semimonthly). We disagree.

Although the paternity statutes are in part designed to protect the public purse *(see, Matter of Commissioner of Social Servs. of City of N. Y. v Wilmer W.,* 125 Misc 2d 905), the primary "legislative intent embodied in Family Court Act §§ 413 and 415 [is] that a parent provide for the support of a child commensurate with the child's needs and the parent's ability." *(Matter of Commissioner of Social Servs. v Segarra,* 78 NY2d 220, 226.) Although not dealing with the validity of a compromise agreement, the Court of Appeals held therein that "the Commissioner, as assignee of the rights of an AFDC dependent, is entitled to seek a child support award based upon the child's needs and the noncustodial parent's means and that the noncustodial parent's obligation is not limited to the child's share of the monthly public assistance grant." *(Supra,* at 226.)

Since it is clear that the Commissioner is not bound by the 1977 child support agreement, the Commissioner may seek a child support award based on the child's needs and the respondent's means, without limitation referable to the child's public assistance grant, i.e. under the guidelines set forth in Family Court Act § 413. Concur—Carro, J. P., Wallach, Kupferman, Asch and Kassal, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

---

* The instant case is thus fully distinguishable from our determination in *Avildsen v Prystay* (171 AD2d 13).