OPINION OF THE COURT
Smith, J.
The issue presented on this appeal is whether the Commissioner of Social Services, as assignee of the rights of a mother who has become and whose child has become a public charge, can compel a father to pay child support in accordance with the Child Support Standards Act (Family Ct Act § 413) where the father has completely complied with a court-approved compromise agreement of support (Family Ct Act § 516).
*412 Respondent Ruben O., appeals from an order of the Appellate Division, First Department, which unanimously affirmed an order of Family Court, New York County, denying his motion to dismiss a petition by the Commissioner of Social Services. The Commissioner sought to increase the putative father’s support obligations beyond the amount the child received under a compromise agreement between respondent and the child’s mother, Adriana G., and from public assistance.
In May 1976, Adriana G. filed a petition in Family Court, New York County, alleging that she was pregnant with respondent’s child and expected to give birth in November 1976. Adriana G. sought an order declaring that respondent was the child’s father and directing him to provide for the child’s support. Respondent denied paternity. On April 28, 1977, respondent and Adriana G. entered into a court-approved compromise agreement pursuant to Family Court Act § 516. The agreement stated, among other things, that respondent had denied fathering a child born to Adriana G. on October 21, 1976, but that respondent would pay Adriana G. (1) $4,000 in satisfaction of any claims that she may have against him for past support, confinement and other expenses relating to her pregnancy, (2) $100 per week for the support and education of the child until he reaches maturity, and (3) legal fees in connection with the paternity proceeding. In exchange, Adriana G. agreed not to pursue any other remedies against respondent, including eiforts to establish paternity, and to periodically advise respondent of the child’s whereabouts. The agreement also stated that nothing contained therein should be construed to be an admission of paternity by respondent. A rider to the agreement, executed on the same day as the agreement, expressly provided that any default by respondent would allow Adriana G. to pursue other remedies against him. An additional rider allowed Adriana G. to seek payment from respondent for the child’s post-high school academic education.
On August 22, 1977, Adriana G. filed a second paternity petition, seeking an order of filiation and additional child support. Respondent successfully moved to dismiss the petition upon the ground that it was precluded by the Family Court Act § 516 agreement.
In January 1988, Adriana G. commenced another proceeding in Family Court, New York County, seeking to modify the Family Court Act § 516 agreement and to direct respondent to *413 provide health insurance and hospitalization coverage for the child, or, alternatively, to have Family Court Act § 516 declared unconstitutional. The Hearing Examiner dismissed the petition, finding that the agreement between the parties precluded Adriana G. from reopening the paternity case. Adriana G. sought to review the Hearing Examiner’s determination upon the grounds that Family Court Act § 516, as applied to her and her child, violates the Equal Protection Clause of the Fourteenth Amendment of the Federal Constitution, and Family Court improperly approved the compromise agreement. Respondent made an oral motion to dismiss the January 1988 petition, arguing that the agreement was binding and precluded the petition. Family Court "denied” Adriana G.’s objections to the Hearing Examiner’s determination, finding that the court lacked jurisdiction to address the objections, and, even if it had the power to modify the agreement, Adriana G. would not be entitled to the relief sought because an order of filiation is a necessary prerequisite to any court order for child support under article 5 of the Family Court Act.
Barred from seeking an order of filiation or increased support for the child, unemployed, and suffering from a chronic medical condition, Adriana G. filed for public assistance. Likewise, the child, also suffering from severe health problems, became a public charge. The Commissioner of Social Services, as assignee of Adriana G.’s right to support, commenced this proceeding seeking an order of filiation and to increase respondent’s support obligations. The Commissioner also sought an order requiring respondent to maintain health insurance coverage for the child. Respondent moved to dismiss the petition upon the ground that Family Court Act § 516 precluded the Department of Social Services from filing the paternity petition. The Department of Social Services argued that the section 516 agreement was not binding in this case, given the public assistance status of Adriana G. and the child.
The Hearing Examiner denied respondent’s motion to dismiss the petition, finding that the Commissioner was not bound by the agreement pursuant to Family Court Act § 516 because the child had become a public charge. The Hearing Examiner ordered the parties to submit to blood tests. Respondent then moved for an order "revising” the Hearing Examiner’s determination upon the ground that the Hearing Examiner erroneously denied him the opportunity to offer proof that Adriana G. did not qualify for public assistance. On the return date of the motion, respondent orally applied for *414 declaratory relief limiting his child support obligation to the amount that the Department of Social Services was paying Adriana G. and, in addition, requiring him to provide health insurance and pay the unreimbursed medical expenses for the child. Respondent further requested that, upon such declaration, his support obligations be fixed as a matter of law and no further proceedings be allowed.
Family Court denied the application, finding that respondent could be compelled to pay the amounts stated in the child support guidelines of Family Court Act § 413. Respondent then waived the necessity for blood tests* and agreed to "pursue his legal remedies on whatever written order [the court] renders or on the transcript.” The Appellate Division, First Department, affirmed Family Court’s order, holding that "the Commissioner is not bound by the 1977 child support agreement, [and] * * * may seek a child support award based on the child’s needs and the respondent’s means, without limitation referable to the child’s public assistance grant, i.e., under the guidelines set forth in Family Court Act § 413” (177 AD2d 405, 406). The Court granted respondent leave to appeal to this Court, and certified the following question: "Was the order of the Family Court, as affirmed by this Court, properly made?”
Respondent admits that upon the authority of Matter of Bancroft v Court of Special Sessions (278 App Div 141, affd 303 NY 728), the Commissioner of Social Services is not absolutely bound by the parties’ compromise agreement. Nevertheless, respondent contends that since he fully complied with the Family Court Act § 516 agreement, the Commissioner should not be allowed to bring the filiation and support proceeding. The Commissioner argues that regardless of respondent’s compliance with the Family Court Act § 516 agreement, she can properly commence a filiation and support proceeding because the child is a public charge.
The relevant sections of the Family Court Act support the Commissioner’s contentions. Section 516 (c) of the Family Court Act authorizes compromise agreements and states that "[t]he complete performance of the agreement or compromise, when so approved, bars other remedies of the mother or child for the support and education of the child.” However, section 571 of the Family Court Act authorizes a social services *415 official, where appropriate, to bring a filiation and support proceeding and states, in part:
"1. Any inconsistent provision of this law or any other law notwithstanding, in cases where a social services official has accepted, on behalf of the state and a social services district, an assignment of support rights from a person applying for or receiving aid to dependent children in accordance with the provisions of the social services law, the social services official or an authorized representative of the state is authorized to bring a proceeding or proceedings in the family court pursuant to article four of this act to enforce such support rights and, when appropriate or necessary, to establish the paternity of a child pursuant to article five of this act.”
In this case, the Commissioner has accepted an assignment of support rights from Adriana G., who receives public assistance for her dependent child. Therefore, Family Court Act § 516 notwithstanding, the Commissioner is authorized to bring a filiation or support proceeding in Family Court.
Respondent also contends that, assuming the proceeding was properly commenced, he should be required to pay only the amount of support stipulated in the Family Court Act § 516 agreement plus any amount of public assistance that the child is receiving. The Commissioner argues that since the child receives public assistance and a filiation order has been entered by Family Court, the Commissioner can seek child support under Family Court Act § 545 (1); §§ 513 and 413 (1).
The changes in key circumstances, that is, the child becoming a public charge, the Commissioner’s right to step in at that point and the admission by the respondent that he is the father of the child born in 1976, a fact which permitted the entry of a filiation order, support the rationale and result we adopt. Once a filiation order is made, a court can direct an appropriate level of support for the child (see, Family Ct Act § 545 [1]). A court is authorized pursuant to Family Court Act § 513 to make an award in accordance with the standards set forth in Family Court Act § 413 for the support of children born out of wedlock. Section 413 obligates parents of a child under 21 years of age to support such child and, if they are possessed of or are able to earn sufficient means, to pay a fair and reasonable sum for the child as the court may determine. *416 These sections of the Family Court Act support the conclusion that where, as here, a filiation order has been entered in these circumstances, the court can direct parents to pay support in accordance with their financial resources for a child receiving public assistance. Nothing in the act limits the amount of support to an amount stipulated in a Family Court Act § 516 agreement plus any amount of public assistance that the child is receiving. The Commissioner, as assignee of the rights of a mother of a child receiving public assistance, is entitled to seek a child support award based upon the child’s needs and the noncustodial parent’s means (Matter of Commissioner of Social Servs. v Segarra, 78 NY2d 220, 226).
The argument that since the parties entered into a Family Court Act § 516 agreement, the court should not require him to pay more than reimbursement of the public purse, is unavailing and does not rest simply on a waiver theory as the dissent asserts. Moreover, that argument conflicts with the reasoning of Matter of Commissioner of Social Servs. v Segarra (supra). There, the Commissioner of Social Services commenced a proceeding, on behalf of a mother and her child who were recipients of public assistance, seeking an order compelling the respondent, against whom a determination of paternity had been made, to pay child support. The Commissioner argued that the respondent should be required to pay support based on the reasonable needs of the child and the respondent’s means, rather than on the amount of public assistance that the child received. The respondent contended that his obligation to support the child should be limited to the child’s portion of the public assistance grant. This Court concluded that nothing in sections 413 and 415 of the Family Court Act limited the obligation of parents to support their children to the amount of public assistance received by the children, and held as follows:
"We hold therefore that the Commissioner, as assignee of the rights of an AFDC dependent, is entitled to seek a child support award based upon the child’s needs and the noncustodial parent’s means and that the noncustodial parent’s obligation is not limited to the child’s share of the monthly public assistance grant” (id., at 226).
The argument that because of the absence of a compromise agreement, Matter of Commissioner of Social Servs. v Segarra (supra) is not instructive here is rejected in light of the *417 Commissioner’s obligation to seek support for the child in accordance with the child’s needs. Any argument that respondent is deprived of the "benefit of his bargain” is belied by the fact that at the time he entered the agreement, Matter of Bancroft (supra) had made clear that the Commissioner would not be bound by the agreement in these circumstances.
Accordingly, the order of the Appellate Division should be affirmed, with costs, and the question certified answered in the affirmative.

 On April 8, 1992, Family Court, New York County, entered an order of filiation. No issue of paternity is raised on appeal.