■ In the Matter of COMMISSIONER OF COLUMBIA COUNTY

DEPARTMENT OF SOCIAL SERVICES, on Behalf of LINDA II., Appellant, v PETER JJ., Respondent. [596 NYS2d 188] —Yesawich Jr., J. Appeal from an order of the Family Court of Columbia County (Zittell, J.), entered March 9, 1992, which, in a proceeding pursuant to Family Court Act article 5, granted respondent's motion for summary judgment and dismissed the petition.

In January 1975, Linda II. filed a petition alleging that respondent was the father of an out-of-wedlock child born to her on November 30, 1974, and seeking a declaration of paternity and an order of support. A blood test performed at that time did not rule out the possibility that respondent was the father. In November 1975, Linda II. and respondent entered into a compromise agreement, pursuant to Family Court Act § 516, wherein respondent denied paternity of the child but agreed to pay Linda II. $2,800, the amount predicted necessary to cover her medical and hospital expenses for the birth, in exchange for her agreement not to pursue the paternity action. After the agreement was brought to the attention of petitioner, who advised in a letter that his agency "neither consent[ed] [to nor] disapprove[d] of such settlement," it was approved by Family Court and the petition was withdrawn. Respondent subsequently paid the full amount due under the agreement.

In late 1991 Linda II. and the child, who was then 16 years old, began receiving public assistance in Columbia County. On November 9, 1991 petitioner filed a petition for an order of filiation and support, naming respondent as the putative father. Respondent moved for summary judgment dismissing the petition on the ground that petitioner was barred by the terms of the 1975 agreement from litigating the issues of paternity and support. Following oral argument, Family Court granted the motion and dismissed the petition. Petitioner appeals.

The case of *Matter of Commissioner of Social Servs. of City of N. Y. v Ruben O.* (80 NY2d 409), recently decided by the Court of Appeals, is dispositive of this appeal. There, the court held that Family Court Act § 571 (1), which provides that "[a]ny inconsistent provision of this law or any other law notwithstanding", a social services official who has accepted an assignment of support rights may, "when appropriate or necessary", bring an action to enforce those rights and to establish paternity, allows such a proceeding even when there has been an earlier agreement pursuant to Family Court Act

§ 516 *(supra,* at 415). In *Ruben O.,* as here, respondent had denied paternity and had fully performed the obligations imposed by the agreement; many years later, the mother and child became public charges, at which point the local Commissioner of Social Services instituted a paternity and support proceeding. In upholding the Commissioner's right to do so, the court noted that "[a]ny argument that respondent is deprived of the 'benefit of his bargain' is belied by the fact that at the time he entered the agreement, *Matter of Bancroft* * * * had made clear that the Commissioner would not be bound by the agreement in these circumstances" *(supra,* at 417; *see, Matter of Bancroft v Court of Special Sessions,* 278 App Div 141, *affd* 303 NY 728). As that rationale is equally applicable here, a reversal is dictated.

Finally, we note that although respondent's time to file his brief was extended to November 30, 1992, the brief was not received until February 9, 1993. While the brief has been accepted, we impose costs and disbursements against respondent's attorney because of the failure to comply with the rules governing the timely filing of a respondent's brief (22 NYCRR 800.9 [d]).

Mikoll, J. P., Mercure, Crew III and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.