■ TINA M. BURNS et al., Respondents, v DONALD GOOSHAW et al., Appellants. [639 NYS2d 528] —Mikoll, J. P.

Plaintiff Tina M. Burns (hereinafter plaintiff) fell on a staircase exiting property owned by defendants sustaining injuries to her back and leg. Plaintiff sued in negligence for damages sustained and her husband sued, derivatively, for loss of consortium. After attributing fault to defendants and plaintiffs on a 60% to 40% ratio, the jury awarded plaintiff $19,362.62 for past medical bills, $23,368.80 for past lost earnings and $26,631.20 for past pain and suffering. No award was made for future losses including medical care, pain and suffering and lost earnings, or for the derivative claim of plaintiff's husband.

The issue before us is whether Supreme Court, in granting plaintiffs' cross motion to set the verdict aside as inadequate and in ordering a new trial, properly found that the verdict materially deviated from what would be reasonable compensation (*see*, CPLR 5501 [c]).

We note that no evidence was produced by defendants to controvert the loss of services claim by plaintiff's husband. Since the jury found plaintiff's testimony believable on the question of her injuries, an award for loss of services should have been made. The record also discloses that plaintiff's medical experts indicated that plaintiff sustained a permanent injury to the sciatic nerve, resulting in chronic pain and inability to work except to do light, sedentary work. She testified that four years after the accident, she is still in pain. Defendants' medical expert rejected her contention, finding that plaintiff sustained a minor injury which has long ago resolved itself, and also rejected plaintiff's claim of permanency. In view of the substantial damages awarded to plaintiff up to the date of the verdict, it was reasonable for Supreme Court to find that the opinion of defendant's medical expert was, in fact, rejected. The standard for deciding a motion to set aside the verdict is whether "the evidence so preponderates in favor of the [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence" (*O'Boyle v Avis Rent-A-Car Sys.*, 78 AD2d 431, 439; *accord, Lolik v Big V Supermarkets*, 86 NY2d 744, 746; *Moffatt v Moffatt*, 86 AD2d 864). We agree with Supreme Court's holding that upon a review of the testimony, no valid line of reasoning leads to the conclusion reached by the jury that plaintiff would have no future damages.

In view of the failure of plaintiffs' counsel to file a timely brief or to ask for an extension of time pursuant to our rules of practice, appeal costs shall be awarded against him personally (*see*, 22 NYCRR 800.9 [d]; *see also, Matter of Commissioner of Columbia County Dept. of Social Servs. [Linda II.] v Peter JJ.*, 192 AD2d 768).

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs awarded against plaintiffs' counsel.